## AMADEO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a cautionary notice of the Registrar of Property of Ponce.

No. 1.—Decided January 30, 1903.

CONJUGAL PROPERTY.—DEFECTS NOT CAPABLE OF CORRECTION.—Alienations, gifts, or encumbrances of real property belonging to the conjugal partnership, made by the husband without the express consent of the wife, are null and void, and therefore contain defects which are not capable of correction.

CONTRACTS AFFECTING REAL PROPERTY—ESTATUTO REAL—Questions relating to the efficacy or nullity of acts and contracts directly effecting real property are regulated by the laws of the country where such real property is situated.

LAWS RELATING TO GOOD MORALS ETC.—The provisions contained in Section 1328 of the Civil Code are in the nature of prohibitory laws tending to protect good morals and public order.

ID.—Prohibitory laws relating to persons, their acts or property, and those which relate to public order and to good morals should not be held invalid by reason of laws, decisions, regulations or agreements in force in any foreign country.

### STATEMENT OF THE CASE.

By a deed executed in the City of Ponce, on December 22, 1902, before the Notary, Felipe Casalduc y Goicoechea of that City, Felipe Pietri y Moretti, a French citizen, born in the Island of Corsica, married, of age, an agriculturist, and domiciled in Adjuntas, transferred to a stock Company known as "Unión Agrícola", doing business in the aforesaid City, a farm belonging to him called "Hacienda Josefina", situate in barrios "Garzas" and "Guilarte", of the municipality of Adjuntas in this Island, for the sum of twenty thousand dollars, payable as follows: four thousand five hundred dollars in cash; seven thousand four hundred dollars in preferred stocks of said company, and the remaining eight thousand one hundred dollars in shares of the common stock, the vendor thereby becoming a stockholder in said company. Under the fourth article of the deed of conveyance it was set forth, for the purposes of

fina", radicada en los barrios de "Garzas" y "Guilarte", del término municipal de Adjuntas, en esta Isla, en precio y cantidad de veinte mil dollars, pagaderos en esta forma: en efectivo metálico, cuatro mil quinientos dollars; en acciones preferidas de dicha sociedad, siete mil cuatro cientos dollars; y en acciones comunes, los ocho mil cien dollars restantes; adquiriendo el vendedor el carácter de accionista de la citada Compañía, y haciendo constar los otorgantes, en la cláusula cuarta de la escritura, á los efectos del artículo 159 del nuevo Código Civil, aprobado por la Asamblea Legislativa de esta Isla en 1? de Marzo del año próximo pasado, referente á la enagenación de bienes inmuebles de la sociedad conyugal, de cuyos preceptos fueron · advertidos, que á tenor de lo dispuesto en el Código Civil Francés, por el cuál había de regirse en esta materia el trasmitente, tenía éste la administración de los bienes pertenecientes á la sociedad conyugal, sin restricción de ninguna especie; y presentada dicha escritura al Registro de la Propiedad de Ponce, para su inscripción, la denegó el Registrador, según nota puesta por él mismo al pié del citado documento, que copiada literalmente dice así :

" Denegada la inscripción del precedente documento, porque resultando del mismo que Don Felipe Pietri y Moretti es de estado casado, la enagenación se ha otorgado sin consentimiento de su mujer, que previene el artículo 1308 del Código Civil. Y tomada en su lugar anotación preventiva por cuatro meses, al folio 60 del tomo 43 de Adjuntas, finca número 2067 ( inscripción 2a. ) digo anotación letra A. Ponce y Enero 12 de 1903."

*Resultando :* que notificada la precedente nota á Don Lúcas Amadeo, como mandatario de la expresada sociedad "Unión Agrícola", no estando conforme con la calificación del Registrador, elevó éste la escritura, con su informe, á este Tribunal Supremo, para la resolución correspondiente, en cumplimiento de lo que ordena la Sección 2.ª de la Ley votada por la Asamblea Legislativa de esta Isla, y aprobada en 1? de Marzo último, sobre recursos contra las resoluciones de los Registradores de la Propiedad.

article 159 of the new Civil Code passed by the Legislative Assembly of this Island on the first of March of the year last past, referring to the alienation of real property belonging to the conjugal community, whereof both parties were notified, that according to the provisions of the French Civil Code, by which the vendor had to be governed in this matter, the latter had charge of the administration of the property belonging to the conjugal partnership without any restriction whatsoever. The aforesaid deed of transfer having been presented at the Registry of Property of Ponce for entry, the same was refused by the Registrar, according to a memorandum indorsed at the end of the document, which literally copied reads as follows :

"Entry of the above document is refused because it appearing therefrom that Felipe Pietri y Moretti is married, the sale has been made without the consent of his wife, as provided by section 1308 of the Civil Code. Instead thereof cautionary notice has been entered of the presentation, to have effect only during four months, on folio 60, volume 45, of Adjuntas, estate No. 2067 (2nd entry) or I should say, Annotation A., Ponce, January 12, 1903."

Notice of the foregoing memorandum having been served on Lucas Amadeo as agent of the Company "Unión Agrícola", he objected to the Registrar's action, whereupon the latter forwarded the deed with his report to the Supreme Court for decision, pursuant to Section 2 of an Act of the Legislative Assembly approved on March 1, 1902, providing for appeals from the decisions of Registrars of Property.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, rendered the following opinion of the Court:

According to the section of the new Civil Code cited by the Registrar in his memorandum, and which corresponds to section 1328 of the official edition thereof, notwithstanding the powers which the husband has as administrator of the conjugal partnership, he shall not have the power to give, to alienate or to bind for a consideration the real property of the conjugal partnership without the express

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que con arreglo al artículo del nuevo Código Civil que cita el Registrador en su nota, y que corresponde al 1328 de la edición oficial del mismo Código, no obstante las facultades que tiene el marido como administrador de la sociedad de gananciales, no podrá donar, enagenar, ni obligar á título oneroso los bienes inmuebles de la expresada sociedad, sin el consentimiento expreso de la mujer; y que toda enagenación ó convenio que sobre dichos bienes haga el marido en contravención á dicho artículo, será nulo, y no perjudicará á ésta, ni á sus herederos; precepto que es aplicable al contrato de enagenación de bienes inmuebles de que se trata en el presente recurso, por haber sido otorgado por Don Felipe Pietri y Moretti, en 22 de Diciembre último, ó sea en fecha muy posterior á la en que comenzó á regir en esta Isla el expresado Código Civil.

*Considerando:* que no se opone á la aplicación de dicho precepto, en el presente caso, la manifestación consignada por los interesados en la cláusula cuarta de la expresada escritura, relativa á la capacidad del vendedor Don Felipe Pietri para otorgar el contrato de referencia, con arreglo á las leyes de su Nación, como ciudadano Francés, toda vez que según los principios del derecho internacional privado, admitidos universalmente para la resolución de esta clase de conflictos, las cuestiones relativas á la eficacia ó nulidad de los actos ó contratos que afecten directamente la propiedad inmueble, se regulan por las Leyes del Estatuto Real, ó sea por las Leyes del lugar donde radiquen dichos bienes inmuebles; principio reconocido y sancionado por el nuevo Código Civil, en sus artículos 10 y 1292, al establecer el primero, que los bienes inmuebles están sujetos á las Leyes del país en que están sitos, y el segundo, que si el matrimonio se contrajere en país extranjero, entre puertorriqueño y extrangera, ó vice-versa, entre extrangero y puertorriqueña, y

consent of the wife; and every alienation or agreement which the husband may make in respect to such property in violation of said section, shall be null and shall not prejudice her interests nor those of her heirs; a provision which is applicable to the deed of sale of real property referred to in the appeal under consideration, said deed having been executed by Felipe Pietri y Moretti on the 22nd of December, 1902, or a long time after the date upon which the aforesaid Civil Code took effect in this Island. The application of the above provision in the present case is not affected by the statement made in clause four of the aforesaid deed, with reference to the qualification of the vendor, Felipe Pietri, to execute said deed under the laws of his country, as a French citizen, inasmuch as, according to the principles of private international law, universally recognized in the determination of disputes of this nature, questions relating to the efficacy or nullity of acts and contracts directly affecting real property are regulated by the laws of the "Estatuto real", or the laws of the country where such real property is situated, a principle recognized and sanctioned by the new Civil Code in sections 10 and 1292 thereof, the former prescribing that real property is subject to the laws of the country where it is situated, and the latter, that should the marriage be contracted in a foreign country, between a Porto Rican and a foreign woman, or between a foreigner and a Porto Rican woman, and the contracting parties should not state or stipulate anything with regard to their property, it shall be understood, when the husband is a Porto Rican that he marries under the system of the legal conjugal partnership, and when the wife is a Porto Rican that she marries under the system of laws in force in the the husband's country, "all without prejudice to what is established in said Code with regard to real property". Moreover, inasmuch as aforesaid section 1328 of the new Civil Code is in the nature of a prohibitory law to safeguard good morals and public order,

nada declarasen ó estipulasen los contratantes relativamente á sus bienes, se entenderá, cuando sea puertorriqueño el cónyuge varón, que se casa bajo el régimen de la sociedad de gananciales; y cuando fuere puertorriqueña la· esposa, que se casa bajo el régimen del derecho común en el país del varón; "pero todo sin perjuicio de lo establecido en el mismo Código respecto de los bienes inmuebles."

*Considerando*: á mayor abundamiento, que revistiendo el citado artículo 1328 del nuevo Código Civil el carácter de Ley prohibitiva, protectora de las buenas costumbres y del órden público, puesto que tiene por objeto protejer á la mujer casada contra los fraudes y abusos que en perjuicio de sus intereses pueda cometer el marido, propendiendo de esta suerte á mantener la paz y la moralidad en el seno de las familias, no puede dicha ley dejar de ser aplicada, no obstante lo que en contrario dispongan otras leyes extrangeras, con arreglo al artículo 11 del mismo Código Civil, en cuyo último apartado se prescribe, que, no obstante lo dispuesto en el mismo artículo y en el anterior, sobre la aplicación en su caso de· las leyes que regulan los diferentes Estatutos, las leyes prohibitivas concernientes á las personas, sus actos, ó sus bienes, y las que tienen por objeto el órden público y las buenas costumbres, no quedarán sin efecto por leyes ó sentencias dictadas, ni por disposiciones ó convenciones acordadas en países extrangeros.

*Considerando:* que si bien con arreglo á la primera de las disposiciones transitorias del nuevo Código Civil, las modificaciones introducidas por el mismo no tienen efecto retroactivo, este principio no tiene aplicación en el presente caso, toda vez que no se trata de aplicar el precepto del artículo 1328 del nuevo Código, á ningún contrato de igual origen, celebrado con arreglo á las leyes anteriores, ni de perjudicar ningún derecho adquirido por el extrangero Sr. Pietri, al amparo de la legislación civil anterior vigente en esta Isla, sinó de aplicar un precepto nuevo del Códigó reformado, á un caso también nuevo, que cae de lleno bajo su régimen,

since its object is to protect married women against such frauds and abuses to the prejudice of their interests as may be committed by their husbands, thereby contributing to maintain peace and morality in the family home, the application of said law cannot be omitted, notwithstanding contrary provisions by other foreign laws, in accordance with section 11 of aforesaid Civil Code, in the last paragraph whereof it is prescribed that notwithstanding the provisions of said section and of the preceding one, with reference to the application, in a proper case, of the laws regulating the various statutes, prohibitory laws relating to persons, their acts or property, and those which relate to public order and to good morals, shall not be held invalid by reason of laws, decisions, regulations or agreements in force in any foreign country. Although under the first of the temporary provisions of the new Civil Code the changes made therein are not retroactive in their effect, this principle is not applicable to the present case, inasmuch as it is not a question of applying the provision of section 1328 of the new Code to any contract of the same origin, entered into under the former laws, nor of prejudicing any right acquired by the foreigner Pietri under the protection of the civil legislation formerly in force in this Island, but of applying a new precept of the amended Code to a case which is also new, and comes fully within its provisions, inasmuch as it was executed long after the aforesaid Code had taken effect. Therefore, inasmuch as the deed of sale of real property executed by Felipe Pietri y Moretti in favor of the stock Company known as "Unión Agrícola", under date of December 22, 1902, contains a defect of nullity which is not capable of correction, the same cannot be recorded in the Registry of Property, under the provisions of articles 65 and 66 of the Mortgage Law and 110 of the regulations issued for the execution thereof in this Island.

In view of the legal provisions cited above, the decision of the Registrar of Property of Ponce, entered at the end of

por haberse celebrado con mucha posteridad á la fecha en que empezó á regir el expresado Código.

*Considerando:* por tanto, que conteniendo el contrato de enagenación de bienes inmuebles, otorgado por Don Felipe Pietri y Moretti á favor de la sociedad anónima titulada "Unión Agrícola", por la escritura de 22 de Diciembre próximo pasado, un vicio ó defecto insubsanable de nulidad, no puede ser inscrito en el Registro de la Propiedad, á tenor de lo que prescriben los artículos 65 y 66 de la Ley Hipotecaria y 110 del Reglamento dictado para su ejecución en esta Isla.

*Vistas* las disposiciones legales citadas. *Se confirma* la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pié de la escritura de que se trata en el presente recurso, y devuélvasele, con copia de la presente resolución, para su conocimiento y el de los interesados, y á los demás efectos procedentes.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

the deed referred to in the present appeal refusing the admission thereof to record, is hereby affirmed and it is ordered to be returned to him with a copy of this decision for his information and that of the parties concerned, and for other proper purposes.

Messrs. Associate Justices Hernández, Figueras, Sulzbacher and MacLeary, concurring.